**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT J. HANSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>G&G MOTORCYCLES, INC. D/B/A<br>RICHMOND HARLEY-DAVIDSON *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 21-11278 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Defendant G&G Motorcycles, Inc. d/b/a Richmond Harley-Davidson ("G&G") and Jennifer Phillips's ("Phillips," and together with G&G, "Defendants") Motion to Dismiss. (ECF No. 10.) Plaintiff Albert J. Hanson ("Hanson") opposed (ECF No. 12), and Defendants replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion.

**I.　　BACKGROUND**

　　Hanson is an individual and a citizen of New Jersey. (Compl. ¶ 1, ECF No. 1.) G&G is incorporated and has its principal place of business in Virginia. (*Id.* ¶ 2.) Phillips is a citizen of Virginia. (*Id.* ¶ 3.) Plaintiff alleges that on March 1, 2021, he started a trip from Texas to his home in New Jersey on a 2005 Harley Davidson Softail (the "Softail"). (*Id.* ¶ 11.) During the trip, the Softail malfunctioned and Hanson worried that it would not make the full trip. (*Id.* ¶ 12.) So, Hanson stopped at G&G in Virginia to have the Softail serviced. (*Id.* ¶¶ 10-11.) After G&G

mechanics inspected the Softail, the service manager informed Hanson that the bottom end of the Softail's motor was broken and that the Softail would not make it back to New Jersey. (*Id.* ¶ 14.) With this news, Hanson left the Softail at G&G for repair and then purchased a used Harley Davidson 2016 Road Glide Special (the "Road Glide") from G&G to complete his trip home to New Jersey. (*Id.* ¶ 16.) Later, Hanson returned to G&G in Virginia to pick up the Softail. (*Id.* ¶ 20.)[1]

Approximately two weeks later, the Road Glide also malfunctioned during a ride, although the Complaint does not specify where the malfunction occurred. (*Id.* ¶ 21.) Hanson called G&G, which advised him to take the Road Glide to his local Harley Davidson dealer. (*Id.* ¶ 22.) That local dealer, Harley-Davidson of Ocean County, informed Hanson that the Road Glide had been in an accident in 2018, that the frame was cracked in three places, that it was never repaired, and that the ignition system was also damaged and improperly repaired. (*Id.* ¶¶ 22-24; Compl. Ex. B.) Hanson immediately called G&G and another sales manager told him that he should return the Road Glide to G&G in Virginia. (Compl. ¶ 24.) When he returned to the dealership, Hanson stated that Phillips agreed that G&G would buy back the Road Glide from Hanson and refund him the full purchase price as soon as the title was routed to G&G. (*Id.* ¶ 25; Compl. Ex. C.)

Hanson then authorized routing the title to G&G. (Compl. ¶ 29.) Shortly thereafter, Hanson called Phillips, and she advised Hanson that G&G received confirmation that the title had been rerouted and, as such, that the refund check would be mailed. (*Id.* ¶ 31.) But when the check did not arrive after several days, Hanson contacted Phillips. (*Id.* ¶ 33.) Phillips then informed Hanson that G&G would not write him a check and that he should arrange to pick up his Road Glide from

---

[1] The Court notes that the Complaint claims that Plaintiff returned to pick up the Softail on February 28, 2021, however, that date is before Plaintiff initially embarked on his trip. The Court will assume that this is in error.

G&G in Virginia. (*Id.* ¶¶ 34-35.) A few weeks later, the Road Glide was delivered to Hanson's residence in New Jersey; however, he attempted to refuse delivery. (*Id.* ¶¶ 39-40.) Ultimately, the Road Glide was left in front of Hanson's house. (*Id.* ¶ 41.)

On May 17, 2021, Hanson filed this Complaint against G&G and Phillips, alleging claims for (1) violations of the New Jersey Consumer Fraud Act ("NJCFA") and (2) breach of contract. (*See id.* ¶¶ 44-65.) Defendants responded with the instant Motion, alleging that Hanson fails to establish either subject matter jurisdiction or personal jurisdiction. (Defs.' Moving Br. 1, ECF No. 10.) Defendants argue that because Virginia law applies, the Virginia Consumer Protection Act should apply to this matter instead of the NJCFA, meaning that Hanson cannot meet the $75,000 amount in controversy requirement to establish diversity of citizenship under 28 U.S.C. § 1332(a). (*Id.*) Furthermore, Defendants argue that Hanson has failed to establish personal jurisdiction over them as "G&G does no business in New Jersey, has no employees in New Jersey, sells no goods in New Jersey, made no communications concerning the subject matter of this action with [Hanson] or anyone else in New Jersey, and conducts no advertisements or solicitation in New Jersey." (*Id.*)

## II. LEGAL STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction.[2] "[O]nce a defendant has raised a jurisdictional defense," the plaintiff must "prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted).

A New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). "New Jersey's

---

[2] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

3

long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citation omitted). "Thus, parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Id.*

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction exists when a defendant's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State."[3] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one" of those contacts; and (3) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Goodyear*, 564 U.S. at 923-24 (internal quotation marks and citations omitted).

When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97 (citation omitted). Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable. *See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

---

[3] Plaintiff does not assert that this Court has general jurisdiction over Defendants, therefore, the Court will focus its analysis on specific jurisdiction.

### III. DISCUSSION

As a threshold matter, the Supreme Court counsels that where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999); *see also Wolstenholme v. Bartels*, 511 F. App'x 215, 217 (3d Cir. 2013). Finding it unnecessary to address the issue of subject matter jurisdiction, the Court reaches its decision in this case solely on the basis of personal jurisdiction.

Defendants contend that this Court cannot exercise personal jurisdiction over either G&G or Phillips. (Defs.' Moving Br. 1.) First, Defendants argue that neither G&G nor Phillips have sufficient contacts with New Jersey. (*Id.* at 7.) Second, they argue that exercising personal jurisdiction over them would not comport with "fair play and substantial justice." (*Id.*) Hanson counters that this Court may exercise personal jurisdiction for Hanson's claims because they "arise out of or relate to" Defendants' contacts with New Jersey. (Pl.'s Opp'n Br. 10, ECF No. 12.) Furthermore, Hanson argues that an alternative basis for personal jurisdiction is relevant to the *Calder* test. (*Id.* at 11.) The Court will examine each argument in turn.

To assert specific personal jurisdiction, Hanson must allege "claim-specific jurisdiction over Defendants," meaning "an affiliatio[n] between the forum and the underlying controversy." *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (alteration in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)). Here, Hanson asserts a breach of contract claim and a claim under the NJCFA. Because specific jurisdiction analysis is claim-specific, the Court analyzes the contract and statutory claims separately. *See Remick v. Manfredy*, 238 F.3d 248, 255-60 (3d Cir. 2001).

Courts employ the traditional personal jurisdiction analysis for claims such as breach of contract. Under this analysis, to establish specific jurisdiction under the Due Process Clause requires satisfaction of a three-part test. *O'Connor*, 496 F.3d at 316-317. First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotation marks omitted). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984). Finally, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316 (internal quotations omitted) (quoting *Burger King Corp.*, 471 U.S. at).

In contract disputes, non-resident defendants deliberately target a forum when, among other activities, they "engage in significant activities within [the] State" or create "'continuing obligations' [with] residents of the forum." *Burger King Corp.*, 471 U.S. at 475-76 (citation omitted). "The court 'must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing.'" *Knierim v. Siemens Corp.*, No. 06-4935, 2008 WL 906244, at *7 (D.N.J. Mar. 31, 2008) (quoting *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001)).

For Hanson's contract claim, the Court finds that Hanson has not met his burden to establish that Defendants directed significant activity towards New Jersey. Hanson alleges that G&G breached the agreement, to repurchase the Road Glide, which was made in Virginia. (*See* Compl. ¶¶ 28, 61-64); *Corsentino v. Meyer's RV Centers LLC*, No. 20-03287, 2020 WL 4199744, at *5 (D.N.J. July 22, 2020) ("In contract disputes . . . the Court determines where the claims arose based on where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred." (internal quotations omitted)). In fact, Defendants made no contact with New Jersey at all until after Hanson returned to New Jersey. After the Plaintiff

6

refused to pick up the Road Glide in Virginia, Defendants delivered it back to Plaintiff's home. (Compl. ¶ 39-41.) *Sunwest Silver, Inc. v. Int'l Connection, Inc.*, 4 F. Supp. 2d 1284, 1287 (D.N.M. 1998) ("Courts have held repeatedly that a defendant's responses to the unilateral acts of a plaintiff are not contacts with the forum state sufficient to establish personal jurisdiction."). Moreover, Defendants do not have any other contacts with New Jersey that suggest exercising personal jurisdiction over them is appropriate. For example, Hanson does not allege that Defendants advertised in New Jersey or made any other contact targeting the state. *See, e.g., Duell ex rel. D.D. v. Kawasaki Motors Corp., U.S.A.*, 962 F. Supp. 2d 723, 731 (D.N.J. 2013) (declining to exercise personal jurisdiction where the defendant sold more than 1,900 vehicles to New Jersey residents, advertised, and conducted business over the internet with New Jersey residents because "the injury . . . cannot be said to arise out of specific contact" the defendant made with New Jersey).

Hanson also argues that Defendants' contacts with a New Jersey resident, including phone calls and e-mail correspondence after Hanson had issues with the Road Glide in New Jersey, establish personal jurisdiction over Defendants. (Pl.'s Opp'n Br. 9-11.) "[W]hen the plaintiff can proffer evidence of a defendant deliberately directing mail, telephone, and/or email communications to the forum state," then a finding of personal jurisdiction may be proper. *Carrabba v. Morgat*, No. 12-6342, 2014 WL 229280, at *4 (D.N.J. Jan. 17, 2014) (internal citation omitted). But "[t]he Third Circuit has held that telephone communications or mail sent by a defendant does not trigger personal jurisdiction if they 'do not show purposeful availment.'" *Barrett v. Catacombs Press*, 44 F. Supp. 2d 717, 729 (E.D. Pa. 1999) (quoting *Mellon Bank (East) PSFS, N.A. v. Diveronica Bros., Inc.*, 983 F.2d 551, 556 (3d Cir.1993)).

Here, Hanson proffers no evidence that Defendants maintained communications extensive enough to show purposeful availment. The Complaint alleges that Hanson initiated several calls to Defendants. (Compl. ¶¶ 22, 26, 31, 33-34.) While Hanson does allege that a G&G employee

7

told him to return the bike to Virginia and "it would be taken care of and made right," that singular representation is not enough to demonstrate personal jurisdiction over Defendants in New Jersey. *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 80 (3d Cir. 2015) ("Even assuming [the plaintiff] did not visit California until after the transaction was substantially complete, he has not met his burden of showing. . . purposeful[] avail[ment]. . . such that [defendants] could expect to be haled into court on this transaction in that jurisdiction."). Moreover, in terms of initiating communication, the Complaint only alleges that Phillips sent Hanson a singular e-mail correspondence while Hanson was at home in New Jersey. (Compl. ¶ 42.) But this contact is not enough to show purposeful availment. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 260 n.3 (3d Cir. 1998) (more than minimal communication required to establish minimum contacts); *See Duell*, 962 F. Supp. 2d at 731 ("[T]here is no evidence that [Defendants] maintained any extensive communications with [Plaintiff] to negotiate the sale of the allegedly defective motorcycle, and therefore the Court cannot exercise specific jurisdiction."); *cf. InfoMC, Inc. v. Comprehensive Behav. Care, Inc.*, No. 10-4907, 2012 WL 1114360, at *9 (E.D. Pa. Mar. 30, 2012) ("[T]he sheer volume of the [1,580 pages of e-mail correspondence] produced by all parties reveals that their relationship involved more than a few calls and emails" (internal citations omitted)). The Court, therefore, finds that Defendants have not purposefully availed themselves of the laws of New Jersey on the breach of contract claim.

For Hanson's NJCFA claim, Hanson asserts that analysis under the "*Calder* effects test", the test employed when analyzing personal jurisdiction in tort claims, is appropriate. (Pl.'s Opp'n Br. 11.) *Calder v. Jones*, 465 U.S. 783, 788 (1984). But NJCFA claims do not necessarily assert an intentional tort claim. *See Arcand v. Brother Int'l. Corp.*, 673 F. Supp. 2d 282, 296-97 (D.N.J. 2009) (explaining that under the NJCFA, "allegations of an affirmative act, i.e. a misrepresentation, do not require a showing of intent or even actual deceit or fraud"). In any event,

8

the Court will utilize the *Calder* effects test for the avoidance of doubt. *Goldstein v. Berkowitz*, No. 10-4644, 2011 WL 1043235, at *8 (D.N.J. Mar. 18, 2011) (finding analysis of the *Calder* factors appropriate "to the extent that [p]laintiff's [c]omplaint can be read to include a claim for an intentional tort under the NJCFA."). That test requires a plaintiff to allege as follows:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity . . . .

*Christie*, 258 F. Supp. 3d at 500 (quoting *IMO Indus.*, 155 F.3d at 265-66).) Further, the Supreme Court has clarified that for the second and third prongs of the *Calder* effects test, the inquiry must focus on "whether the defendant's conduct connects [it] to the forum in a meaningful way." *Walden*, 571 U.S. at 290.

The Court finds that it does not have personal jurisdiction over Defendants for this claim. Hanson bases his NJCFA claim on (1) Defendants advising Plaintiff that his Softail needed repair and (2) Defendants selling the Road Glide bike to Plaintiff without disclosing that it had been in an accident and had not been repaired. To start, both events occurred in Virginia. To be sure, regarding G&G's statements about the Softail, G&G's mechanic inspected the Softail and informed Plaintiff of the alleged damage in Virginia. Regarding the Road Glide, the Court finds that Plaintiff undoubtedly felt the brunt of the harm in New Jersey because the Road Glide was apparently defective. But Defendants' conduct with respect to both bikes does not support a finding that Defendants directed their activities at New Jersey "such that the forum can be said to be the focal point of the tortious activity." *Christie*, 258 F. Supp. 3d at 500. For example, Plaintiff does not allege that Defendants solicited Hanson in New Jersey to buy the Road Glide or made any

misrepresentations about the Road Glide while Plaintiff was in New Jersey. *See Buelow v. Plaza Motors of Brooklyn, Inc.*, No. 16-02592, 2017 WL 2813179, at *4 (E.D. Cal. June 29, 2017). Plaintiff does not even allege that the bike malfunctioned while he was in New Jersey. Simply put, this Court may not exercise personal jurisdiction simply because Plaintiff resides in New Jersey. *IMO Indus.*, 155 F.3d at 265 ("Nor did *Calder* carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state."). Accordingly, the Court may not exercise personal jurisdiction over Plaintiff's consumer fraud claim either.

## IV.    CONCLUSION

The Court grants Defendant's Motion, on the grounds that the Court lacks personal jurisdiction over Defendants. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE